[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-13105
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 23, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-00117-CR-T-26TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HECTOR MANUEL ROSALES-DIAZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 23, 2010)

Before EDMONDSON, BIRCH and ANDERSON, Circuit Judges.

PER CURIAM:

Hector Manuel Rosales-Diaz ("Rosales-Diaz") appeals his 120-month

sentence for illegal reentry into the United States following deportation for an aggravated felony. Rosales-Diaz contends that his sentence is both procedurally and substantively unreasonable. After review of the record and the parties' briefs, we discern no error and AFFIRM.

## I. BACKGROUND

Rosales-Diaz, a native and citizen of Mexico, was brought to the United States by his parents in 1982 and became a permanent resident in 1998. Between 1999 and 2006, he was convicted of several misdemeanor and felony offenses, including grand theft; obstructing an officer without violence; possession of cocaine, marijuana, and methamphetamine; discharging a firearm from a vehicle; battery; burglary; and burglary of an occupied dwelling. He was removed to Mexico on 9 December 2006 but eventually reentered the United States. In January 2008, Rosales-Diaz was located by immigration officials while in custody following his arrest for aggravated assault, battery, felonious possession of firearms, and possession of marijuana. Rosales-Diaz pled guilty in March 2009 to one count of illegal reentry after deportation for an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2). See R1-1; R3.

The probation officer who prepared the presentence investigation report ("PSI") assigned Rosales-Diaz a base offense level of eight and applied a sixteen-

2

level enhancement because he had been deported following a crime of violence. U.S.S.G. §§ 2L1.2(a), 2L1.2(b)(1)(A)(ii) (Nov. 1, 2008). Rosales-Diaz received a three-level reduction for acceptance of responsibility, resulting in a total adjusted base offense level of twenty-one. See id. § 3E1.1. Based on a total of twenty-six criminal history points, Rosales-Diaz was placed in criminal history category VI, which yielded an advisory guidelines range of 77-96 months of imprisonment. The probation officer also noted that Rosales-Diaz faced a statutory maximum sentence of twenty years of imprisonment. See 8 U.S.C. § 1326(b)(2).

At sentencing, the district court adopted the PSI's guidelines calculations and sentenced Rosales-Diaz to a 120-month term of imprisonment, explaining,

> . . . . [H]e's 28 years old. Since becoming an adult at age 18, he's committed crimes which net him a criminal history [score] of 26 points, which is double the number that you need to qualify for the highest criminal history category, that of six.
>
> As I mentioned earlier, he's just a one-man crime wave. And I mentioned earlier his crimes run the gamut of fleeing the scene of accidents, fleeing from law enforcement, assaulting people, burglarizing people – burglarizing a person's vehicle, burglarizing a person's home, while leaving – while fleeing from law enforcement.
>
> He has no regard for the safety and welfare of people who live in this community. He obviously has no regard or respect for the law because he's always running from law enforcement, which poses a great risk.
>
> I've looked – I've examined the advisory guideline range, as I am told I must. I have examined the statutory factors of Title 18 of the United States Code, Section 3553(a)1 through 7. Particularly, I have focused on the nature and circumstances of the offense, as well as the history and characteristics of this Defendant.

Although he doesn't qualify as a career offender as we generally think of it within the statutory context, he is a career criminal. That's what he is. He – there is a significant need to protect the public from further crimes oft this Defendant. After he's deported, he comes back here and I've had people like him many, many times and they come back, and they know they shouldn't be back here, but the record reflects they came back to really support their family. That's not the case with him, he came back to commit more crimes, as evidenced by the conviction for which he is receiving a sentence of 42 months in the State system.

So, there is a significant need to protect the public from further crimes of this Defendant and to afford adequate deterrence to criminal conduct. Additionally, I need to fashion a sentence which will really reflect the seriousness of this particular offense, to promote respect for the law, and to provide a just punishment for him in light of all the facts and circumstances.

Having said all that, in my considered opinion, I believe that a variance upward is more in order, and I believe that a sentence of 10 years is more than reasonable in this case, and I intend to give him 10 years.

R4 at 7-8, 14-17. The court emphasized that the sentence imposed was "a variance, after taking into account both the advisory guidelines as well as the statutory factors," and "not an upward departure under the advisory guidelines." Id. at 18. This appeal followed.

## II. DISCUSSION

On appeal, Rosales-Diaz argues that his sentence is procedurally unreasonable because the district court failed to adequately explain its reasons for imposing an upward variance based on the § 3553(a) factors rather than an upward departure under the guidelines. He asserts that the district court's imposition of an

4

above-guidelines sentence was based entirely on his criminal history, which the district court already had considered in calculating his guidelines range, and therefore, should have been pursuant to U.S.S.G. § 4A1.3, which permits upward departures in cases where the court believes that "the defendant's criminal history category substantially under-represents the seriousness of the [his] criminal history." U.S.S.G. § 4A1.3(a)(1). Rosales-Diaz further contends that his sentence is substantively unreasonable because it is greater than necessary to achieve the statutory purposes of sentencing.

We review a sentence, whether inside or outside the guidelines range, for reasonableness, using an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007). We first look to see whether the district court committed a "significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence – including an explanation for any deviation from the Guidelines range." Id.

If we are satisfied that there has been no procedural error, we then consider whether the sentence imposed is substantively reasonable. Id. When conducting this review, we must consider "the totality of the circumstances, including the

5

extent of any variance from the Guidelines range." Id. Where the sentence is outside the applicable guidelines range, we "may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." Id. Those factors include, inter alia: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to (a) reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; (b) afford adequate deterrence to criminal conduct; and (c) protect the public from further crimes of the defendant; (3) the kinds of sentences available; and (4) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. See 18 U.S.C. § 3553(a).

In this case, the district court correctly calculated Rosales-Diaz's guidelines range, addressed the § 3553(a) factors, and gave a thorough explanation, on the record, for its decision to deviate from the applicable guidelines range. Although Rosales-Diaz argues that the district court committed reversible error by failing to explain why it chose a variance under § 3553(a) rather than a departure under U.S.S.G. § 4A1.3, he has cited no authority in support of such a proposition. To satisfy procedural reasonableness, the district court need only "adequately explain

the chosen sentence – including an explanation for any deviation from the Guidelines range." <u>Gall</u>, 552 U.S. at 51, 128 S. Ct. at 597. The court did so here.

Rosales-Diaz's contention that a variance was improper because it was based in part on his criminal history, which had already been accounted for in the calculation of his guidelines range, is likewise without merit. We have held that the district court may, in determining a reasonable sentence, consider facts that have already been taken into account in calculating the defendant's guideline range. <u>See</u> <u>United States v. Williams</u>, 526 F.3d 1312, 1324 (11th Cir. 2008) (per curiam); <u>see</u> <u>also</u> 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."). The district court committed no procedural error, significant or otherwise.

Rosales-Diaz has also failed to carry his burden of proving that his sentence was substantively unreasonable. Given the nature and circumstances of the offense as well as Rosales-Diaz's extensive criminal history, we cannot conclude that his 120-month sentence, which is well below the applicable statutory maximum of twenty years of imprisonment, is greater than necessary to effectuate the statutory purposes of sentencing, or that "the district court committed a clear error of

7

judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." United States v. Pugh, 515 F.3d 1179, 1191 (11th Cir. 2008) (quotation marks and citation omitted); see United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008) (per curiam) (upholding reasonableness of sentence that was "well below the maximum ten-year sentence available under 8 U.S.C. § 1326(b)(1)"). Finding no abuse of discretion, Rosales-Diaz's sentence is

**AFFIRMED.**